(84 South. 406)

BRADSHAW v. MUSHAT. (6 Div. 475.)

(Court of Appeals of Alabama. July 21, 1919 Rehearing Denied Oct. 21, 1919.)

1. PRINCIPAL AND SURETY ⊙ᷓ131—COLLATERAL CANNOT BE DEMANDED BY SURETY UPON TENDERING ONE OF TWO LOANS.

Where securities have been deposited as collateral to secure a note, and also other indebtedness, a surety of the debtor is not entitled, upon a tender of the amount due under the note, to have the securities surrendered to him under Code 1907, § 5387, providing that the surety may tender the amount of the debt and demand that the evidence of and securities for the same be delivered to him.

2. PRINCIPAL AND SURETY ⊙ᷓ131—TENDER BY SURETY INSUFFICIENT TO REGAIN POSSESSION OF COLLATERAL FOR OTHER OBLIGATIONS ALSO.

Where a note provides that certain securities have been deposited as collateral for the payment of the note or any other liability of the undersigned to the owner, a tender by the surety of the maker of the amount due under the note alone did not entitle him to have the security surrendered under Code 1907, § 5387; he having agreed in the note that the collateral also secured other indebtedness.

3. PRINCIPAL AND SURETY ⊙ᷓ160—THAT COLLATERAL SECURES OTHER OBLIGATIONS ADMISSIBLE IN SUIT AGAINST SURETY.

In an action against surety on a note, evidence that collateral securing a note also secured other debts due by the maker held admissible as against a surety, in view of Code 1907, § 5387.

Appeal from Circuit Court, Jefferson County; J. H. Miller, Judge.

Assumpsit by Mrs. C. I. Mushat against Caldwell Bradshaw and another. Judgment for plaintiff, and defendant named alone appeals. Affirmed.

A. Latady, of Birmingham, for appellant.

A surety is entitled to stand on the letter of the contract, and it was immaterial that Bradley owed other debts to the plaintiff at the time. 5 Ala. 388; 87 Ala. 334, 6 South. 82, 4 L. R. A. 680; 66 Ala. 211; 63 Ala. 419; section 5387, Code 1907.

Davis S. Anderson and A. H. Alston, Jr., both of Birmingham, for appellee.

The court rendered the proper judgment. Section 5387, Code 1907; 156 Ala. 46, 47 South. 302; 34 Ala. 126; 21 Ala. 782; 90

---

⊙ᷓFor other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Ala. 302, 8 South. 157; 94 Ala. 488, 10 South. 222; 111 Miss. 393, 71 South. 648.

BRICKEN, J. Suit was brought by appellee in the court below against the appellant and another, one T. M. Bradley, and was based upon a promissory note. The cause was tried by the court without the intervention of a jury.

The note upon which the suit was based is as follows:

"$750.    Birmingham, Ala., May 25, 1915.

"On or before two years after date, for value received, I promise to pay to the order of Mrs. C. I. Mushat seven hundred and fifty and no/100 dollars, with 8 per cent. interest from maturity until paid, payable at the Traders' National Bank, Birmingham, Ala., having deposited as collateral security for the payment of this note or any other liability or liabilities of the undersigned to the owner of this note, due or that may become due, existing or that may hereafter be contracted, the following property, which is warranted free from incumbrances or debt, and no person other than the undersigned has any interest therein, viz.: Certificate No. 10 for twenty (20) shares and certificate No. 4 for ten (10) shares, or a total of thirty shares of the capital stock of the High Cliff Land Company, par value $100.00 per share, which said security, or any part thereof, and any additions thereto, or any substitute therefor, I hereby give the owner or holder of this note, his, their, or its assigns, attorney, or agent, authority to sell, assign, and deliver on the maturity of this note, or at any time before its maturity, if in the judgment of said owner or holder said security, addition thereto, or substitutes therefor shall have depreciated in value, or if from any cause whatsoever the said securities pledged shall cease to be satisfactory collateral to the owner or holder hereof for this debt. Such sale may be public or private at the owner's or holder's discretion without advertising the same, or giving me any notice of sale or redemption; intending thereby to waive all my right of redemption either before or after such sale. And I hereby give said owner or holder of this note, his, their, or its assigns, the right to become the purchaser of said security, additions thereto, and substitutes therefor at such public or private sale, and authorize such owner or holder in his, their, or its discretion to enforce the collection of said security, additions thereto, and substitutes therefor, by suit or otherwise, and to apply the proceeds of such sale or collection first to the payment of all costs, expenses, and attorney's fees incurred in making such sale or collection, and, second, to the payment of this and any other indebtedness due, or to become due owing by me to such owner or holder of this note at the time of such sale, and to pay the surplus, if any, to me. In case of a sale of this debt and the collateral to the same, or a sale of the collateral alone, in either event, the owner or holder of this note shall not be liable for an amount in excess of the proceeds of such sale. The makers and indorsers of this note agree to pay all costs of collection, including a reasonable attorney's fee, whether the costs are incurred by suit against one or more of said makers or indorsers or otherwise; and each hereby expressly waives all right to claim exemptions under the Constitution and laws of the state of Alabama, or any of these United States, as to this debt, should this note not be paid at maturity.

"Notice and protest and all steps necessary to bind each indorser hereon on the nonpayment of this note are waived by each maker and indorser.    T. M. Bradley.
"Caldwell Bradshaw."

The case was tried, by agreement, upon the plea of the general issue, "with leave to give in evidence any matter which, if well pleaded, would be admissible in defense of the action to have effect as if so pleaded, and with leave to the plaintiff to give in evidence any matter which, if well pleaded, would be admissible in reply to such defensive matter, to have effect if so pleaded."

The proof showed that the defendant Bradley was indebted to the plaintiff in the sum of $2,400, represented by two notes of $1,650 and $750; that the $1,650 note was secured by the same collateral as secured the note sued on; that the plaintiff called on defendant Bradley for better security of the $750 note, and that Bradley prepared, or had prepared, the note sued on, took it to defendant Bradshaw, and that Bradshaw signed the note sued on as surety for Bradley; that then Bradley carried the note and delivered it to plaintiff, and plaintiff thereupon surrendered to him the old note for $750, accepting in lieu thereof the note sued on; that plaintiff had nothing to do with securing the signature of Bradshaw to the note; and that, as stated above, Bradshaw signed the note as surety for Bradley. The proof shows that the note sued on was unpaid and past due at the time of the trial of the case; that, at the time it was signed by Bradshaw, Bradley did not have the collateral mentioned with him; but that it was at that time with the plaintiff as collateral security also for the $1,650 note. The proof shows that on the day before this case was tried Bradshaw and his attorney tendered to the attorney for the plaintiff the sum of $852.50 in gold, being the amount of principal, interest and attorney's fees due on the note, and offered to pay the court costs (but did not tender the court costs, not knowing the amount thereof), and demanded of the attorney of plaintiff the surrender of the note sued on and of the collateral mentioned therein, and the attorney for plaintiff declined to accept the tender and to surrender the collateral, and stated that he declined to do so because plaintiff held the said collateral as security for other amounts due by Bradley to the plaintiff. The court rendered judgment in favor of the plaintiff against both Bradley, the principal in the note, and Bradshaw, the surety. From this judgment Bradshaw alone prosecutes this appeal.

The appellant contends that, being a surety and having made the tender as set forth

above, upon plaintiff's declining to surrender to him the collateral, he was entitled to his discharge by virtue of section 5387 of the Code of 1907.

The determination of this case will turn upon a construction of section 5387 as applied to the facts of this case. Said section reads as follows:

"Sec. 5387. *Tender by Surety.*—The surety may tender to the creditor the amount of his debt, and demand that the evidence of and the securities for the same be delivered up to him to be enforced against his principal or cosureties; and a failure of the creditor to comply, when within his power, shall operate to discharge the surety."

[1] It will thus be seen that it is the securities for same—that is, for the particular debt of which he is surety—be surrendered. The proof shows that at the time the note sued on was executed the securities mentioned were deposited with the plaintiff as security for another debt of $1,650 due the plaintiff. As a matter of fact, the proof shows that the securities were already held by the plaintiff and were not attached as collateral for the note sued on. For this reason, the defendant Bradshaw was not entitled, upon his tender, to have the securities surrendered to him.

[2] Again, the note sued on contains this provision, "having deposited as collateral security for the payment of this note, or any other liability or liabilities of the undersigned to the owner of this note, due or that may become due, existing or that may hereafter be contracted." The defendant Bradshaw signed this note as surety, knowing, according to his own testimony, that it contained the above-quoted provision. He then accepted this provision as part of the contract, and it was as binding upon him as was the promise by him to pay this debt. By this provision he agreed that the collateral be held for the payment of the other debts due or to become due by Bradley to plaintiff, and, having made this agreement, he was not entitled to the securities until the other debts by Bradley to plaintiff had been paid. The proof shows that, upon making the tender, Bradshaw demanded the surrender of all of the securities held as collateral by plaintiff, and that there were other debts due to plaintiff by Bradley, which were unpaid, and for which the same securities were held as collateral. Bradshaw was not, therefore, entitled to the surrender of the securities.

There was no error in the action of the court in rendering judgment for the plaintiff.

[3] There was no error in the action of the court in allowing plaintiff to show that the securities were held by her as collateral for other debts due by Bradley to her or that Bradley was due her other amounts than those mentioned in the two notes for $1,650

and $750. This evidence was clearly admissible under the provisions of the note sued on which we have quoted above.

There being no error in the record, the judgment of the circuit court is affirmed.

Affirmed.